David L. Levinson, Esq. Informal Opinion Village Attorney No. 96-16 Village of Goshen 267 Main Street Goshen, N Y 10924
Dear Mr. Levinson:
You have asked whether a person may serve simultaneously as the chairperson of a village zoning board of appeals and as a member of the town board of the town in which the village is located.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The town board is the governing body of a town and has extensive legislative and administrative powers. Town Law §§ 60, 64; Municipal Home Rule Law § 10.
The village zoning board of appeals hears and decides appeals from orders, decisions and interpretations made by the official of the village with responsibility for enforcement of the zoning regulations. Village Law § 7-712-a(4). The zoning board of appeals also has authority to grant variances and locally may be given the authority to issue special permits. Id.
In that village zoning regulations apply in the village only and the town is authorized to enact zoning regulations which apply to the area of the town outside of villages, there is no incompatibility between these positions. The village zoning board of appeals exercises its powers within the confines of the village leaving little potential for conflict with the interests of the town and, therefore, conflict with the duties of a member of the town board.
There may occur specific instances, however, where actions taken by a zoning board of appeals of a village may also affect the interests of a town. An example is a determination by a village zoning board of appeals regarding property on or near the border of the village and the town in which town residents have a strong interest. Since the town board represents the interests of town residents, participation of the dual officeholder in such village zoning board of appeals determinations might be viewed as a conflict of interests.
Therefore, a member of a village zoning board of appeals who also serves on the town board may find it necessary to recuse him or herself from some zoning board determinations. Service on the town board may compromise the officer's ability to make impartial judgments solely in the public interest. Even the appearance of impropriety must be avoided in order to maintain public confidence in government. Public officials should consult the local ethics code (General Municipal Law §806) and in a questionable case should seek an advisory opinion from the local board of ethics, if established. Id., § 808.
We conclude that a person may serve simultaneously as the chairperson of the village zoning board of appeals and as a member of the town board. As a member of the zoning board of appeals, however, this individual may find it necessary occasionally to recuse him or herself from actions which affect the interests of town residents.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions